21-584-cv
Harewood v. New York City Department of Education

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
         RAYMOND J. LOHIER, JR.,
         WILLIAM J. NARDINI,
              *Circuit Judges*.

------------------------------------------------------------------

HARRIET HAREWOOD,

    *Plaintiff-Appellant*,

    v.                             No. 21-584-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, ROBERT MERCEDES, in his individual and official capacities, ANDREA VARONA, in her individual and official

capacities,

*Defendants-Appellees.**

---------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | BRYAN D. GLASS, Glass Harlow & Hogrogian LLP, New York, NY |
| FOR DEFENDANTS-APPELLEES: | AMY MCCAMPHILL, Assistant Corporation Counsel (Richard Dearing, Ingrid R. Gustafson, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Harriet Harewood appeals from the February 23, 2021 judgment of the United States District Court for the Southern District of New York (Failla, J.) granting summary judgment in favor of the Defendants and dismissing Harewood's race- and age-based discrimination claims under Title VII of the

---

* The Clerk of Court is directed to amend the caption as set forth above.

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court correctly concluded that, at most, only three of the personnel actions that Harewood complains about qualify as adverse employment actions under Title VII or the ADEA: the denial of per-session income for the after-school art portfolio program and the addition of two disciplinary letters to her personnel file. Harewood's remaining allegations fall short of "materially adverse change[s] in the terms and conditions of employment." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (quotation marks omitted). Even assuming, as the District Court did, that none of these three adverse employment actions are time-barred,[1] and that Harewood established a prima facie case of disparate treatment under the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411

---

[1] Under Title VII and the ADEA, a plaintiff has 300 days from the allegedly discriminatory action to file a charge with the EEOC if, as is the case in New York, a state agency (or, in the case of Title VII, a state or local agency) enforces a law that prohibits employment discrimination on the same basis as these federal statutes. See 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA).

U.S. 792 (1973), the District Court still correctly granted summary judgment on Harewood's disparate treatment claims. The Defendants offered legitimate, non-discriminatory reasons for all three adverse employment actions: budget constraints and low student enrollment numbers for the after-school art portfolio program; and student complaints of misconduct—followed by a thorough, formal investigation—before the disciplinary letters were issued. Harewood, however, failed to rebut these non-discriminatory explanations, no reasonable juror could conclude that the proffered explanations were pretextual, and she otherwise failed to show that her race or age was a motivating factor for the actions taken.

Harewood's hostile work environment claim also fails because she did not demonstrate that her work environment was "objectively hostile and abusive." Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015). Further, Harewood did not adduce sufficient evidence that any hostile conduct she did face "occurred because of a protected characteristic." Id. And for the same reasons, Harewood did not meet the even higher burden for constructive discharge based on an alleged hostile work environment. See Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 725 (2d Cir. 2010).

Finally, the District Court correctly granted summary judgment on Harewood's retaliation claim. The alleged retaliatory conduct—receiving informational disciplinary notices nearly one year after she retired—was not a materially adverse employment action; instead, the notices were at most "trivial harms." Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 25 (2d Cir. 2014) (quotation marks omitted); see Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). On this record, no reasonable juror could conclude that receiving informational disciplinary notices that had no employment (or other) consequences would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Rivera, 743 F.3d at 25 (quotation marks omitted).

We have considered Harewood's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5